**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Claudia BORECKY; and Mariateresa THIERY,

*Plaintiffs*,

v.

COUNTY OF NASSAU; Bruce BLAKEMAN in his official capacity as County Executive of the County of Nassau; and Patrick J. RYDER in his official capacity as Commissioner of the Nassau County Police Department,

*Defendants*.

Case No. 2:26-cv-2049-SJB-ST

**STIPULATED PROTECTIVE ORDER**

**WHEREAS**, parties in the aforementioned action will be required to produce certain documents and information that they may deem to be confidential or otherwise inappropriate for public disclosure; and

**WHEREAS**, the parties seek to ensure that the confidentiality of these documents and information remain protected; and

**WHEREAS**, good cause therefore exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**THE PARTIES HEREBY STIPULATE THAT:**

1. This Stipulated Protective Order is entered into to facilitate the production, exchange, and discovery of documents and information that any party or non-party believes merit confidential treatment. This Stipulated Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions and any other information or material produced, given or exchanged by and among the parties and any non-parties to the above-captioned action (the "Litigation") in connection with discovery in the

Litigation (such information or material hereinafter referred to as "Discovery Material").

2. "Confidential Materials" shall mean any portion of documents that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others, including but not limited to: (a) home addresses, (b) non-business phone numbers, (c) any personal e-mail addresses contained in plaintiff or defendant records, (d) social security or taxpayer identification numbers, (e) birthdates, (f) names of persons known to be minors, (g) information from sealed criminal records or other sealed court records, and (h) information from medical or mental health records. Documents shall not be designated "Confidential Materials" if they are already in the public domain or were lawfully obtained by the receiving party outside of discovery and without any obligation of confidentiality. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated. As used in this Order, the terms "Protected Information" and "Protected Material" shall have the same meaning as "Confidential Materials."

3. Section (2) of the Stipulated Protective Order does not prevent any Party from proposing that other categories of information be included within the future coverage of this or any other protective order. Should a party wish to add a category of information to that deemed "Confidential Information" by the Stipulated Protective Order, that party must first negotiate in good faith with the other party. If the parties are unable to reach agreement on the proposed additions and whether such additions shall require designation by the Producing Party, or if a party consulted has not responded to the proposing party's request within ten (10) days, the

requesting party may seek an expanded or separate protective order from the Court.

4. As used herein, "Producing Party" shall mean the party or non-party that produces or designates a particular document or the information contained therein as Confidential Materials, and "Receiving Party" shall mean any party in the Litigation who is not the "Producing Party," as defined herein, for that document or information.

5. A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Litigation for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

6. Attorneys for a Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Litigation.

b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Litigation, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party's attorney shall provide each such person with a copy of this Protective Order, and such person shall agree not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Litigation and not to make further disclosure of the Confidential

Materials, except in testimony taken in the Litigation. Before any Confidential Materials are disclosed to an expert, consultant, vendor, or any non-party witness (other than a witness at a deposition), the Receiving Party's attorney shall obtain from that person a signed written acknowledgment, in the form annexed hereto as Exhibit A, agreeing to be bound by this Order. A witness who is shown Confidential Materials at a deposition may review and use such materials but shall not retain copies unless the witness executes such an acknowledgment.

7. The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

8. If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party may, within forty-five (45) days of the initial objection, request that the Court remove the designation, and on any such motion the Producing Party shall bear the burden of establishing good cause for maintaining the confidentiality designation

pursuant to Federal Rule of Civil Procedure 26(c). Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict. Failure to challenge a designation immediately does not waive a Party's ability to bring a later challenge.

9. If any Party seeks to publicly file with the Court any Confidential Materials, or portions of pleadings, motions, or other papers that disclose such Confidential Materials, that Party shall provide the Producing Party no less than five (5) business days' advance written notice of its intent to file such material. The producing Party may then make an application to the Court requesting that the material be filed and kept under seal. All requests to file material under seal shall follow the requirements of the federal rules, the Court's Local Rules, and the Court's Individual Practices. The Parties will use their best efforts to minimize the need to file documents under seal. This provision does not apply to the filing of an expert report, summary of evidence pursuant to Federal Rule of Evidence 1006, or other similar compilation that is used in its preparation documents or information designated Confidential, provided that such filing does not specifically identify content from the underlying documents that is designated Confidential. Notwithstanding the foregoing, no Confidential Materials shall be filed on the public docket unless the designating Party fails to move to seal within the time provided after notice or the Court denies the request to seal. In addition, and independent of any confidentiality designation, the parties shall comply with Federal Rule of Civil Procedure 5.2 by redacting Social Security and taxpayer identification numbers, dates of birth, the names of minors, and financial account numbers, and may seek to file under seal or with additional redactions for good cause.

10. Nothing in this Order shall preclude any disclosure of Protected Information to any judge, magistrate judge, or employee of the Court for purposes of this action.

11. Nothing contained in this Order shall be construed to prejudice any Party's right to use in open court any Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information shall be given to the producing Party so that the producing Party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information, in advance of its use in open court.

12. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this Litigation and for no other purposes.

13. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, alien registration numbers, and information that may be used for identity theft) produced or exchanged in discovery shall be maintained by the receiving Party in a manner that is secure. Each Party and its counsel and vendors shall protect PII and Confidential Materials with reasonable administrative, technical, and physical safeguards, including encrypted transmission, password protection of productions, and access limited to persons bound by this Order pursuant to paragraph six (6) of this Stipulated Protective Order. A Party shall provide prompt written notice to the Producing Party upon discovering any unauthorized access to, or disclosure of, PII or Confidential Materials, and shall require any litigation-support vendor with access to such materials to comply with this Order, including by signing a written acknowledgment, in the form annexed hereto as Exhibit A, agreeing to be bound by this Order.

14. Nothing in this Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a Freedom of Information Law ("FOIL") request.

15. Nothing herein shall be deemed to waive any privilege recognized by law or shall

be deemed an agreement as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

16. Nothing herein shall be construed as a waiver of any defense, right, objection, or claim by any Party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

17. If a Producing Party inadvertently fails to designate material as Confidential Materials at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Confidential Material. The Producing Party may correct its failure to designate an item as Confidential Material by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations. Within five (5) business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials and certify in writing to the Producing Party that such materials have been returned or destroyed.

18. This Stipulated Protective Order will survive the termination of the Litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Litigation has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval. Within sixty (60) days after the final resolution of the Litigation, including all appeals, each Receiving Party shall return to the Producing Party or destroy all Confidential Materials and all copies thereof and, upon request, shall certify such

return or destruction in writing; provided, however, that counsel of record may retain one archival copy of pleadings, motions, briefs, deposition transcripts and exhibits, correspondence, expert materials, attorney work product, and court filings, even if they contain or reference Confidential Materials, subject to the continuing obligations of this Order.

19. The parties agree to be bound by the terms of this Stipulated Protective Order pending the entry by the Court of this Stipulated Protective Order, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulated Protective Order had been entered by the Court.

20. This Stipulated Protective Order may be changed by further order of this Court, and without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

21. The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Protective Order at any time.

22. No Receiving Party, counsel, expert, consultant, vendor, or other person subject to this Order shall input, upload, paste, transmit, summarize, train on, embed, index, or otherwise process any Confidential Materials, PII, or other nonpublic Discovery Material in or through any public, consumer, or external artificial-intelligence tool, or through any artificial intelligence tool whose terms permit the provider or any third party to use such material for model training or improvement, disclosure to other users, retention beyond this matter, or access by persons not bound by confidentiality obligations at least as protective as this Order. Confidential Materials may be processed through an artificial intelligence or technology assisted review tool used solely

for this Litigation only where counsel has determined that the provider is bound by a written agreement requiring confidentiality, no model training or improvement using the material, reasonable security, access controls, breach notice, and deletion at the conclusion of the matter, and any prompts, outputs, embeddings, summaries, or logs derived from Confidential Materials shall themselves be treated as Confidential Materials. Ordinary keyword search, non-learning optical character recognition, spellcheck, and similar local functions that do not disclose Confidential Materials to a third-party provider are not artificial intelligence tools for purposes of this paragraph. The use of ordinary keyword searches, non-learning optical character recognition, spellcheck, and similar local functions shall not, by itself, waive any privilege, work product protection, or objection.

**STIPULATED AND AGREED**:

NEW YORK CIVIL LIBERTIES UNION FOUNDATION

By: __/s/ Jessica Perry___________
Jessica Perry
Elizabeth Gyori
Anya Weinstock
Molly K. Biklen
125 Broad St., 19th Fl.
New York, NY 10004
(212) 607-3300
jperry@nyclu.org

*Attorneys for Plaintiff*

ABRAMS FENSTERMAN, LLP

By: __/s/ Paul Wooten_________
Paul Wooten
Robert A. Spolzino
81 Main Street, Suite 306
White Plains, NY 10601
(914) 607-7010
pwooten@abramslaw.com

*Attorneys for Defendants*

Date: August 28, 2026

So ordered.

/s/
Hon. Steven L. Tiscione

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Claudia BORECKY; and Mariateresa THIERY,

*Plaintiffs*,

v.

COUNTY OF NASSAU; Bruce BLAKEMAN in his official capacity as County Executive of the County of Nassau; and Patrick J. RYDER in his official capacity as Commissioner of the Nassau County Police Department,

*Defendants*.

Case No. 2:26-cv-2049-SJB-ST

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby declares under penalty of perjury that (s)he has read the Stipulated Protective Order entered in *Borecky, et al. v. County of Nassau, et al.*, 2:26-cv-2049-SJB-ST (E.D.N.Y.). The undersigned understands the terms of the Protective Order and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Materials, as defined therein, made available to him or her for any purpose other than as permitted by the Protective Order, and will not further disclose the Confidential Materials except in testimony taken in this case. The undersigned acknowledges that his or her duties under the Stipulated Protective Order shall survive termination of this case and are permanently binding, and that failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court. The undersigned further acknowledges that she or he is submitting her or himself to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of any issue or dispute arising hereunder.

Date: ____________________ Signature: ___________________________

Print Name: _________________________